**IN THE UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re:<br><br>CHRISTOPHER A. JANCZAK<br><br>Debtor. | Chapter 13<br><br>Case No. 24-10428 |
| CHRISTOPHER A. JANCZAK<br><br>Plaintiff,<br>v.<br><br>FEDERAL NATIONAL MORTGAGE ASSOCIATION D/B/A FANNIE MAE<br><br>Defendant. | Adv. Pro. 24-00049 |

**MOTION OF THE PLAINTIFF CHRISTOPHER A. JANCZAK
TO WITHDRAW THE REFERENCE**

Plaintiff, Christopher A. Janczak, by his counsel, Sharon S. Masters, Esquire, hereby files the following Motion to Withdraw the Reference pursuant to 28 U.S.C. § 157(d) (the "Motion"). Plaintiff relies upon the attached Memorandum of Law in Support of the Motion and documents attached thereto. For the reasons stated more fully therein, this case meets the requirements for mandatory and permissive withdrawal of the reference and should be adjudicated in the District Court.

The case is subject to mandatory withdrawal because the adversary proceeding will require significant interpretation of non-bankruptcy federal law, *i.e.*, the Charter of Defendant, codified at 12 U.S.C. Section 1717, *et seq.* (the "Charter"). Specifically, the Charter provides, *inter alia:* "Each of the bodies corporate named in section 1717 (a)(2) of this title shall have power to ... in its corporate name, to sue, and to complain and to defend, in any court of competent jurisdiction, State or Federal ...."

The adversary proceeding involves the interpretation of the Charter as it pertains to the sheriff's sale of Plaintiff's real property and the subsequent ejectment action brought by Defendant in a name other than its designated legal name. Mandatory withdrawal of the reference is warranted.

In addition, and in the alternative, the reference should be withdrawn "for cause" because the Adversary Complaint alleges a no-core claims. Bankruptcy courts cannot enter final judgments for "non-core" proceedings, unless both parties consent to the entry of a final judgment by the bankruptcy judge (*see Schubert v. Lucent Techs. Inc. (In re Winstar Commc'ns, Inc.*, 554 F.3d 382, 405 (3d Cir. 2009)), and Plaintiff does not consent in this instance. Accordingly, since the Bankruptcy Court can only issue findings of fact and conclusions of law which will ultimately be subject to review by the District Court, judicial efficiency favors withdrawing the reference at this time.

WHEREFORE, Plaintiff respectfully requests that the Court grant the Motion and withdraw the reference.

    Respectfully submitted,

    THE LAW OFFICE OF SHARON S. MASTERS
    By: */s/ Sharon S. Masters*
    Sharon S. Masters, Esquire
    Attorney I.D. No. 50360
    132 Overleaf Drive
    Thorndale, PA 19372
    (610) 322-5277
    shmasters@hotmail.com
    Attorney for Plaintiff Christopher A. Janczak

Dated: 7/15/2024

**IN THE UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

In re:

CHRISTOPHER A. JANCZAK

            Debtor.

Chapter 13

Case No. 24-10428

CHRISTOPHER A. JANCZAK
            Plaintiff,

V.

FEDERAL NATIONAL MORTGAGE CORORATION D/B/A FANNIE MAE
            Defendant.

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF PLAINTIFF
CHRISTOPHER A. JANCZAK TO WITHDRAW THE REFERENCE**

**INTRODUCTION AND BACKGROUND**

Plaintiff, Christopher A. Janczak, by his counsel, Sharon S. Masters, Esquire, hereby submits this Memorandum of Law in Support of the Motion to Withdraw the Reference pursuant to 28 U.S.C. § 157(d) (the "Motion"). For the reasons stated more fully herein, this case meets the requirements for mandatory and permissive withdrawal of the reference and should be adjudicated in the District Court. Plaintiff owns real estate located at 790 Hopewell Road, Downingtown, PA (the "Property"). Plaintiff fell behind on payments to the mortgagee, and a foreclosure action was brought in the Court of Common Pleas for Chester County, Pennsylvania at 2013-03365-RC on April 15, 2013. Judgment was entered on January 19, 2016, and the Property went to Sheriff's Sale on August 16, 2018. The bid was assigned to Defendant, which ostensibly purchased the Property at the Sheriff's Sale, whereupon the Sheriff's Deed was delivered to "Fannie Mae," a colloquial name for Defendant FNMA, not a legally-cognizable name.

Defendant thereafter brought an ejectment action at 2019-00-240-RC on January 8, 2019 under the name "Federal National Mortgage Association d/b/a Fannie Mae." Judgment was entered in favor of FNMA, and an appeal was taken to Superior Court of Pennsylvania, which stated that FNMA may not maintain a legal action under any name other than its legal name, whereupon the case was remanded to the Common Pleas Court. A second ejectment action was brought at 2022-00439-RC under the same name. Defendant's federal charter codified at 12 U.S.C. Section 1726(a), states unequivocally that FNMA is permitted to bring or defend litigation exclusively under ts legal name, which is Federal National Mortgage Association, FNMA. Defendant has had multiple opportunities to correct the deed and/or change its name in the litigation to conform to its statute but has not done so. The deed purportedly transferring the Property to Defendant is fatally flawed, as it is not in Defendant's legal name.

The ejectment action brought by Defendant is improper because it was brought under a name other than Defendant's legally cognizable name. Also, it is at the core of an action to recover property that title be clear and not in dispute. In this particular case, the questions whether the Deed to the Property actually effectuated a transfer and whether the ejectment action was properly brought hinge upon the interpretation of a federal statute, i.e. Defendant's Charter. At the hearing on Defendant's Motion for Relief from Stay, former Chief Bankruptcy Judge Madeline D. Coleman adjourned the hearing on the ground that the adversary proceeding was non-core, and the bankruptcy court did not have jurisdiction .

Under 28 U.S.C. § 157(d), the automatic referral of cases to the Bankruptcy Court is subject to "mandatory" withdrawal where the claims involve more than a straightforward application of non-bankruptcy federal law; and the reference is subject to "permissive" withdrawal for "cause" shown. Here, the Plaintiff's claims involve a significant interpretation of non-bankruptcy federal law, *i.e.,* Defendant's Charter, and therefore, the case is subject to mandatory withdrawal of the reference. Moreover, and in the alternative, adjudication of the "non-core" claims asserted in the Adversary Complaint promote judicial efficiency and uniformity and establish "cause" for withdrawal of the reference in this case. Specifically, Plaintiff has asserted that delivery of the Sheriff's Deed to Defendant in the name "Fannie Mae" was improper and did not effectuate a transfer of the Property to Defendant. Plaintiff has also asserted that although Defendant could easily have rectified this error, it did not and has not to date. Rather, Defendant brought ejectment actions using a name other than its legal name. The consequences of this on Plaintiff's ownership of the Property involves a significant interpretation of federal non-bankruptcy law, therefore, mandatory withdrawal of the reference is required.

In addition, even if the Court determines mandatory withdrawal of the reference is not appropriate, the reference should be withdrawn "for cause." Under 28 U.S.C. § 157(d), the District Court can withdraw the reference "for cause" when factors such as judicial efficiency and uniformity weigh in favor of withdrawing the reference. Here, the entire cause of action in the Adversary Complaint involves a non-core claim. Thus, absent consent of the parties (which has not been given by the parties), the Bankruptcy Court cannot enter a final judgment and is limited to submitting findings of fact and conclusions of law to this Court, which are subject to de novo review. Accordingly, as it will be more efficient for the District Court to consider the non-core claim in the first instance, cause exists for withdrawing the reference.

For the reasons set forth below, the Court should grant the instant motion and withdraw the reference.

## ARGUMENT

Withdrawal of an order of reference to the bankruptcy court is governed by Section 157(d) of title 28 of the United States Code, which provides:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulation organizations or activities affecting interstate commerce.

28 U.S.C. § 157(d). Section 157(d), thus, provides for both "mandatory" and "permissive" withdrawal. Safe Founds., Inc. v. Metal Founds. Acquisitions, LLC, No. 12-1177, 2012 WL 6651540, at *4 (W.D. Pa. Dec. 20, 2012). Here, the claims asserted in the Amended Complaint meet the requirements for both mandatory and permissive withdrawal of the reference.

**A. Pursuant to 28 U.S.C. § 157(d) Withdrawal of the Reference is Mandatory.**

As noted above, Section 157(d) provides, in relevant part, that "[t]he district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." 28 U.S.C. § 157(d). Courts have interpreted this statutory language as requiring mandatory withdrawal of the reference. Safe Founds., Inc., 2012 WL 6651540, at *4 (mandatory withdrawal of the reference required where resolution of case involves significant interpretation of federal non-bankruptcy law). While the "Third Circuit has not directly considered the situation of when a withdrawal of the reference is mandatory, other courts have stated that withdrawal is mandatory when the case requires 'significant interpretation,

4

as opposed to simple application of federal laws apart from the bankruptcy statutes.'" In re Shad's Hanna's East Inc. v. Soom. No. 12-cv-1150, 2012 WL 3715709, at *1 (W.D.P.A. Aug. 28, 2012) (quoting Falblaum v. Leslie Fay Cos., Inc.. 182 F.3d 899 (2d Cir. 1999)); see also Mishkin v. Ageloff. 220 B.R. 784, 795-96 (S.D.N.Y. 1998) (explaining that courts have held that withdrawal is mandatory where the matters raised involve "significant interpretation" of non-bankruptcy federal law, which is a fact-specific determination). District courts do not need to be confronted with "novel or unsettled questions of non-bankruptcy law" in order to withdraw the reference. Enron Corp. v. J.P. Morgan Sec. Inc. (In re Enron Corp.). 388 B.R. 131, 139 (S.D.N.Y. 1998). In this case, the resolution of the claim in the Adversary Complaint will require significant interpretation of non-bankruptcy federal law, namely, Defendant's Charter. For this reason, § 157(d) mandates withdrawal of the reference.

**B. Pursuant to 28 U.S.C. § 157(d), this Action is Subject to Withdrawal of the Reference for Cause.**

Even if the Court determines that withdrawal of the reference is not mandatory, it should withdraw the reference "for cause shown" 28 U.S.C. § 157(d). Section 157(d) does not identify what constitutes "cause." However, the Third Circuit has identified a number of factors to be considered when deciding whether the proceeding is "core" or "non-core," including: judicial efficiency, uniformity and economy, and discouraging forum shopping. See In re G-1 Holdings, Inc., 295 B.R. 211, 216 (D.N.J. 2003).

In this case, several of the factors identified above establish "cause" for withdrawing the reference. Initially, "[a] district court considering whether to withdraw the reference should first evaluate whether the claim is core or non-core, since it is upon this issue that questions of efficiency and uniformity will turn." See Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.). 4 F.3d 1095, 1101 (2d Cir. 1993) (explaining that unnecessary costs can be avoided by a single proceeding in the district court). Bankruptcy courts cannot enter final judgments for "non-core" proceedings, unless both parties consent to the bankruptcy judge entering a final judgment. Schubert v. Lucent Techs. Inc. (In re Winstar Commc'ns, Inc., 554 F.3d 382, 405 (3d Cir. 2009); 28 U.S.C. § 157(c)(l). Instead, for non-core claims, "the bankruptcy court must submit proposed findings of fact and conclusions of law to the district court, which enters an order only after conducting de novo review." Mullarkey. 536 F.3d at 221. As a result of the foregoing, "[t]he reference is much more likely to be withdrawn if the proceeding is characterized as non-core." Valley Forge Plaza, 107 B.R. 514, 516 (E.D. Pa. 1989).

To determine whether a proceeding is "core" or "non-core," "courts of this Circuit Must consult two sources." Eastman v. Knight Adjustment Bureau, Inc., No. 10-mc-206, 2011 WL 382503, at *2 (E.D.Pa. Feb. 4, 2011).

> First, a court must consult § 157(b). Although § 157(b) does not precisely define "core" proceedings, it nonetheless provides an illustrative list of proceedings that may be considered "core." Second, the court must apply this court's test for a "core" proceeding. Under that test, "'a proceeding is core [1] if it invokes a substantive right provided by title 11 or [2] if it is a proceeding, that by its nature, could arise only in the context of a bankruptcy case.'"

Id. (quoting Halper v. Halper, 164 F.3d 830, 836 (3d Cir. 1999)). Here, the issue presented in the Adversary Complaint involved interpretation of the Charter, a federal statute, and is clearly "non-core."

In addition to the non-core nature of the Charter, judicial efficiency and economy favor withdrawal of the reference for cause. The Bankruptcy Court has not yet reviewed Plaintiffs' claims or ruled on the pending motion to dismiss. It is more efficient for the District Court to address these claims in the first instance, rather than having to conduct a *de novo* review after the Bankruptcy Court submits findings of fact and conclusions of law. See N.W. Airlines Corp. v. City of L.A. (In re N.W. Airlines Corp.), 384 B.R. 51, 59 (S.D.N.Y. 2008) (withdrawing the reference because determination of the action by the bankruptcy court would not promote judicial efficiency); Solutia Inc. v. FMC Corp., No. 04-CV-2842, 2004 WL 1661115, at *3 (S.D.N.Y. Jul. 27, 2004) (noting that "[b]y litigating this non-core matter in the district court, judicial resources [would] be conserved"); Judge v. Ridley & Schweigert (In re Leedy Mortgage Co., Inc.), 62 B.R. 303

(E.D. Pa. 1986) (granting motion to withdraw reference because it was "beneficial to all parties to have a district court draft the discovery schedule [and] resolve promptly and expertly discovery disputes").

Accordingly, in the interest of judicial economy, and to promote efficiency and uniformity among the District Courts, the Court should withdraw the reference in this instance for cause.

## CONCLUSION

For the reasons set forth above, Plaintiff Christopher A. Janczak respectfully requests the Court enter an order withdrawing the reference of the adversary proceeding to the bankruptcy court.

                Respectfully submitted,

                */s/ Sharon S. Masters*
                Sharon S. Masters, Esquire
                Attorney I.D. No. 50360
                The Law Office of Sharon S. Masters
                132 Overleaf Drive
                Thorndale, PA  19372
                (610) 322-5277
                shmasters@hotmail.com

                Attorney for Plaintiff Christopher A. Janczak

Dated: 7/17/2024

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the Motion of the Plaintiff Christopher A. Janczak to Withdraw the Reference and Memorandum of Law in Support thereof was served on this date upon the following in the manner indicated below:

Via ECF to the U.S. Trustee and Chapter 13 Standing Trustee

Via regular mail postage pre-paid to:

> Denise Carlon, Esquire
> KML Law Group, P.C.
> 1500 Market St.
> Philadelphia, PA  19106

Dated:    July 17, 2024